UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALEB E. PERRY,

                              Plaintiff,

        -against-

WEILL CORNELL MEDICAL COLLEGE,

                              Defendant.

Case No. 1:25-cv-08504 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

The Court is in receipt of a letter from Plaintiff Caleb Perry, asserting that Defendant Weill Cornell Medical College has a "history as a client of" Kramer Levin Naftalis & Frankel LLP, the law firm at which the undersigned was previously a partner. *See* Dkt. 14. Plaintiff further notes that the undersigned's financial disclosures in 2022 included "ties to" Kramer Levin. *Id.* As a result of these purported connections, and "[c]onsidering the 2-year rule," Plaintiff asks for this Court to recuse itself from this matter. *Id.* He also requests the disclosure of Kramer Levin's "Profit-sharing Retirement Plan" and its "401K Plan." *Id.*

The mere "prior representation of a party by a judge or [her] firm with regard to a matter unrelated to litigation before [her] does not automatically require recusal." *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978). Rather, a judge must disqualify herself where (1) "in private practice [s]he served as a lawyer in the matter in controversy, or a lawyer with whom [s]he previously practiced law served during such association as a lawyer concerning the matter," and where (2) the judge "knows that [s]he, individually or as a fiduciary . . . has a financial interest in the subject matter in controversy or in a party to the proceeding[.]" 28 U.S.C. §§ 455(b)(2), (b)(4). More broadly, a judge "shall disqualify [her]self

in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).[1]

The Court finds no basis to disqualify itself here.  The undersigned left Kramer Levin in 2013, and the firm has since merged with another to become a new firm called Herbert Smith Freehills Kramer ("HSFK").  *See* Sara Merken, *Herbert Smith Freehills and Kramer Levin Launch Latest Transatlantic Merger*, Reuters, June 2, 2025, https://www.reuters.com/legal/legalindustry/herbert-smith-freehills-kramer-levin-launch-latest-transatlantic-merger-2025-06-02/.  The undersigned has never worked for or received payment from HSFK.  The undersigned is unaware of any previous connection between Defendant Weil Cornell and Kramer Levin, or any current connection between Defendant and HSFK.  Moreover, neither Kramer Levin nor HSFK represents Defendant in this matter, and neither the undersigned nor any of the undersigned's former colleagues served as a lawyer in this matter.  In addition, the undersigned has no financial interest in this matter, either through Kramer Levin, through HSFK, or through any other indirect or direct relationship with Defendant.  Accordingly, the Court declines to recuse itself.  *See, e.g.*, *Moskovits v. Fed. Repub. of Brazil*, No. 21-cv-04309 (ER), 2024 WL 3299802, at *5 (S.D.N.Y. June 4, 2024) (declining to recuse where judge's prior firm "has no involvement in this case except for the tangential connection alleged by [plaintiff]").

In light of the foregoing, Plaintiff has not identified any reasonable basis to question the Court's impartiality in this matter.  "A judge is obligated not to recuse [her]self were grounds for recusal do not exist."  *Aquino by Convergent Distribs. of Texas, LLC v. Alexander Cap., LP*, 708

---

[1] In his letter, Plaintiff cites to the New York Rules Governing Judicial Conduct, specifically 22 N.Y.C.R.R. § 100.3(E)(1), in seeking the Court's recusal.  Those Rules do not apply to federal court judges.

F. Supp. 3d 495, 502 (S.D.N.Y. 2023) (quoting *United States v. Ahmed*, 788 F. Supp. 196, 202

(S.D.N.Y. 1992)).  Therefore, Plaintiff's letter-motion is DENIED in full.

Dated:  February 20, 2026
       New York, New York

                        SO ORDERED.

                        JENNIFER L. ROCHON
                        United States District Judge