UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALEB PERRY,

Plaintiff,

-against-

WEILL CORNELL MEDICAL COLLEGE,

Defendant.

Case No. 1:25-cv-08504 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

*Pro se* plaintiff Caleb Perry ("Plaintiff") brings multiple employment discrimination claims against his former employer, Defendant Weill Cornell Medical College ("Defendant"). Defendant moves to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, that motion is GRANTED.

**BACKGROUND**

Plaintiff filed this action on October 11, 2025. *See* Dkt. 1 ("Compl." or the "Complaint"). The fact section of his pleadings is one paragraph long and states as follows:

> I expressed concern when I was excluded from meetings, opportunities, and duties. I voiced to my supervisor after not receiving the [C]hristmas gift compared to others as well as being the [sic] excluded from biopsies that I was being discriminated against based on my identity. I raised concerns about misconduct which led to further retaliation and false & defamatory statements about me to other professionals, damaging my reputation and preventing me from completing research collaborations. I have documentation, meeting notes, and emails that substantiate these claims.

*Id.* at 5. Although Plaintiff represented that he has certain documents supporting his claims, he attached only a right-to-sue letter from the EEOC, dated July 11, 2025. *See id.* at 10.

Based on these facts, Plaintiff asserts claims against Defendant for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), 42 U.S.C. § 1981; the New

York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* *See id.* at 3-4. In connection with his Title VII claims, Plaintiff alleges that Defendant discriminated against him on the basis of his race and sex. *Id.* at 3. In connection with his Section 1981 claim, Plaintiff identifies himself as "Black/African American." *Id.* at 4. With respect to all claims, Plaintiff alleges the following adverse employment actions: termination of his employment, retaliation, the creation of a hostile work environment, and "defamation & reputational harm affecting future career." *Id.* at 5. Plaintiff asks that the Court order Defendant to "pay severance, damages for emotional distress, reputational harm and lost opportunities," and to "provide a neutral reference." *Id.* at 6.

Defendant moved to dismiss the Complaint on January 27, 2026. *See* Dkt. 12 ("Br."). Plaintiff filed an opposition brief dated February 14, 2026, which was received by this Court's *pro se* office on February 26, 2026. *See* Dkt. 17 ("Opp.") at 1, 6. Defendant filed a reply on March 11, 2026. *See* Dkt. 18 ("Reply"). On March 13, 2026, Plaintiff sought leave to file a sur-reply, Dkt. 21, which the Court granted on March 16, 2026, Dkt. 22. Plaintiff filed that sur-reply on March 17, 2026. *See* Dkt. 23 ("Sur-Reply"). Accordingly, the motion is fully briefed.

## LEGAL STANDARD

A plaintiff's "complaint may be dismissed to the extent that it 'fail[s] to state a claim upon which relief can be granted.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110 (2d Cir. 2010) (alteration in original) (quoting Fed. R. Civ. P. 12(b)(6)). On a motion seeking such dismissal, the Court "accept[s] the material facts alleged in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Sherman v. Abengoa, S.A.*, 156 F.4th 152, 162 (2d Cir. 2025) (quoting *In re Nine W. LBO Sec. Litig.*, 87 F.4th 130, 140 (2d Cir. 2023)). However, the Court need not accept "conclusory allegations or legal conclusions masquerading

as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (quoting *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)). Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Where the plaintiff is *pro se*, his complaint "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)); *accord Browne v. Arrow Sec.*, No. 24-cv-09788 (JLR), 2024 WL 5201653, at *1 (S.D.N.Y. Dec. 23, 2024). However, even *pro se* pleadings "must state a plausible claim for relief" beyond "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Caraballo v. Dep't of Corr. City of New York*, No. 22-cv-00971 (JLR), 2022 WL 16555313, at *2 (S.D.N.Y. Oct. 31, 2022) (first quoting *Hogan*, 738 F.3d at 515; and then quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

## DISCUSSION

As discussed, Plaintiff brings claims for discrimination under Title VII and Section 1981, retaliation under Title VII and Section 1981, hostile work environment under Title VII and Section 1981, and discrimination and retaliation under the NYSHRL and NYCHRL. The Court addresses each of Plaintiff's claims in turn.

### I. Discrimination Under Title VII and Section 1981

"Title VII makes it unlawful for an employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Buon v. Spindler*, 65 F.4th 64, 78 (2d Cir. 2023) (quoting 42 U.S.C.

§ 2000e-2(a)(1)). Section 1981 similarly "outlaws discrimination with respect to . . . employment," *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 224 (2d Cir. 2004), but specifically with respect to racial discrimination, *see Naprstek v. Marriott Int'l*, No. 21-cv-08560 (CM), 2026 WL 1910282, at *18 (S.D.N.Y. July 2, 2026). Courts analyze both Title VII and Section 1981 employment discrimination claims under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). ("Both [plaintiff]'s Title VII claims and his claim[] for race . . . discrimination under Section[] 1981 . . . are analyzed under the burden-shifting framework set forth in McDonnell Douglas[.]"). That framework provides that "a plaintiff complaining of [discrimination under Title VII or Section 1981] must first make out a prima facie case of discrimination by showing that (1) he is a member of a protected class, (2) he was qualified for the job for which he applied, (3) he was denied the job, and (4) the denial occurred under circumstances that give rise to an inference of invidious discrimination." *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010).

*McDonnell Douglas*'s framework is intended "to 'progressively sharpen the inquiry into the elusive factual question of intentional discrimination'" as a case proceeds through the various stages of litigation. *Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019) (alteration adopted) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993)). Therefore, its full burden-shifting framework does not "appl[y] at the motion-to-dismiss stage." *Alexander v. The Bd. of Educ.*, 648 F. App'x 118, 120 n.1 (2d Cir. 2016) (summary order); *see Germain v. Nielsen Consumer LLC*, 655 F. Supp. 3d 164, 182 (S.D.N.Y. 2023) ("[W]hile many decisions regarding motions to dismiss (like this one) start with a description of *McDonnell Douglas*'s prima facie case, the 'burden-shifting' framework established in *McDonnell Douglas* applies at summary judgment — not in the context of a motion to dismiss."). And recognizing that discrimination

plaintiffs often lack "direct evidence of discriminatory intent" at the pleading stage, the Second Circuit applies "reduced requirements" to the final prong of the prima facie case "in the initial phase of a Title VII litigation," such that a discrimination complaint "need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). Even so, to survive a motion to dismiss, a plaintiff must "assert enough nonconclusory factual matter to nudge her claim across the line from conceivable to plausible to proceed." *Mandala v. NTT Data, Inc.*, 975 F.3d 202, 208 (2d Cir. 2020) (alterations adopted) (quoting *EEOC v. Port Auth.*, 768 F.3d 247, 254 (2d Cir. 2014)). And "what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn*, 795 F.3d at 311.

Here, Plaintiff alleges that he was "excluded from meetings, opportunities, and duties," he did "not receiv[e] the [C]hristmas gift," and he was "excluded from biopsies." Compl. at 5. Based on these facts, Plaintiff concludes "that [he] was being discriminated against based on [his] identity." *Id*. Although he also checked a box on the Complaint stating that Defendant "terminated [his] employment," *see id.* at 5, he alleges no facts relating to that termination, such as when or how it occurred, and does not clearly state whether his firing supports his discrimination claim, his retaliation claim, or both. These allegations are insufficient to provide the "minimal support" required "for the proposition that the employer was motivated by discriminatory intent." *Buon*, 65 F.4th at 79 (citation omitted). Indeed, Plaintiff simply concludes that he was excluded from various workplace events and opportunities (and perhaps fired) as the result of discrimination. *See* Compl. at 5. But courts in this Circuit routinely reject such "[n]aked assertions of race discrimination." *Gaddy v. Waterfront Comm'n*, No. 13-cv-

03322 (AT) (HBP), 2014 WL 4739890, at *5 (S.D.N.Y. Sept. 19, 2014) (dismissing Section 1981 discrimination claim where "the complaint contains only conclusory assertions of race discrimination without any supporting facts"); *see, e.g.*, *Ellis v. N.Y.C. Dep't of Educ.*, No. 19-cv-01441 (LAP), 2020 WL 1166056, at *3-4 (S.D.N.Y. Mar. 11, 2020) (dismissing Title VII discrimination claim where, "[w]ithout pointing to specific facts, [plaintiff]'s repeated assertions that [defendant]'s [actions] were discriminatory [we]re . . . merely conclusory"); *Delgado v. Triborough Bridge & Tunnel Auth.*, 485 F. Supp. 2d 453, 463 (S.D.N.Y. 2007) (dismissing Title VII discrimination claim where plaintiff's "assert[ions] that there was favoritism toward Caucasians in her department, that a white employee received a new computer monitor before her, and that several white employees had been promoted while several minority employees had not" were not "specific events [sufficient] to show intentional discrimination"); *Johnson v. Morrison & Foerster LLP*, No. 14-cv-00428 (JMF), 2015 WL 845723, at *6 (S.D.N.Y. Feb. 26, 2015) (dismissing Title VII wrongful termination claim where plaintiff "d[id] not allege *any* facts to indicate that the true reason for his termination was his age, race, or sex . . . other than his conclusory assertions that an employee without his characteristics would have been treated differently" (quotation marks and citation omitted)); *Walker v. City of New York*, No. 10-cv-05939 (PKC), 2011 WL 13550628, at *6 (S.D.N.Y. Sept. 20, 2011) (dismissing Title VII claim where "[p]laintiff d[id] not allege facts related to race or skin color other than the fact that plaintiff is black and the individual defendants are white[, which] alone is not sufficient to give rise to an inference of race discrimination").

Therefore, even liberally construed, the Complaint fails to make out a prima facie case for discrimination under Title VII and Section 1981. Plaintiff's employment discrimination claims under Title VII and Section 1981 are, therefore, dismissed.

## II. Retaliation Under Title VII and Section 1981

Plaintiff also asserts a claim for retaliation under Title VII and Section 1981. *See* Compl. at 5. To state such a claim, he "must plausibly allege that: (1) defendants discriminated — or took an adverse employment action — against him, (2) because he has opposed any unlawful employment practice." *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015)). Specifically, a plaintiff must "alleg[e] facts showing that: (1) the plaintiff participated in an activity protected by anti-discrimination laws, (2) the employer knew of that participation, (3) the employer subjected the plaintiff to a materially adverse employment action after the protected activity, and (4) there was 'a causal connection between the protected activity and the adverse employment action.'" *Lafia v. New York City*, No. 22-cv-07925 (PGG) (RFT), 2024 WL 5715978, at *14 (S.D.N.Y. Jan. 29, 2024) (quoting *McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 66 (S.D.N.Y. 2020)); *see Dickens v. Hudson Sheraton Corp.*, 167 F. Supp. 3d 499, 521-22 (S.D.N.Y. 2016) (applying this standard to retaliation under both Title VII and Section 1981), *aff'd*, 689 F. App'x 670 (2d Cir. 2017) (summary order). "A complaint that makes only general statements that the defendant retaliated against the plaintiff but does not supply factual detail describing the specific retaliatory acts, when they occurred, and which employees were aware of any protected activity or were actually involved in retaliatory conduct, is insufficient to withstand a motion to dismiss." *McManamon v. Shinseki*, No. 11-cv-07610 (PAE), 2013 WL 3466863, at *10 (S.D.N.Y. July 10, 2013).[1]

[1] The *McManamon* court was analyzing a retaliation claim under the Rehabilitation Act. However, a Rehabilitation Act claim is analyzed under the same framework as one brought under Title VII or Section 1981. *See Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) ("Claims for retaliation are analyzed under the same burden-shifting framework established for Title VII cases."); *accord Gill-Drayton v. N.Y. State Educ. Dep't*, No. 23-cv-10259 (KMK), 2026 WL 880546, at *5 (S.D.N.Y. Mar. 31, 2026).

Here, Plaintiff alleges that he "voiced to [his] supervisor . . . that [he] was being discriminated against" after "not receiving the [C]hristmas gift" and being "excluded from biopsies." Compl. at 5. He further alleges that he "raised concerns about misconduct." *Id.* These reports, he alleges, "led to further retaliation and false & defamatory statements about [him]." *Id.* Missing from these allegations are any facts concerning who made "false & defamatory statements about" Plaintiff, what those statements were, and how those statements connect to Plaintiff's complaints to his supervisor. The Complaint cannot withstand Defendant's motion to dismiss in the absence of such factual allegations. *See McManamon*, 2013 WL 3466863, at *10; *see also Jeanty v. Rhino*, No. 21-cv-08326 (LTS), 2021 WL 4865202, at *3 (S.D.N.Y. Oct. 18, 2021) (dismissing Title VII retaliation claim where plaintiff "ma[de] a conclusory allegation that he suffered retaliation but d[id] not plead any facts about who retaliated against him, what retaliatory actions were taken, or what part [p]laintiff's race played in the retaliation"); *Stanley v. City Univ.*, No. 18-cv-04844 (PAE), 2023 WL 2714181, at *17 (S.D.N.Y. Mar. 30, 2023) (dismissing Rehabilitation Act retaliation claim where plaintiff alleged that he "was informed that he would no longer be compensated for standby overtime" after engaging in protected activity, but plaintiff did "not say who made this statement, whether it was made by a person with knowledge of the reasons [for that decision], or when it was made"); *Majeed v. ADF Cos.*, No. 11-cv-05459 (SJF) (ETB), 2013 WL 654416, at *11-12 (E.D.N.Y. Feb. 20, 2013) (dismissing Title VII retaliation claim where plaintiff's "conclusory allegations" lacked "any factual detail about the alleged retaliatory acts, when they occurred and who actually engaged in the alleged retaliation"). Nor does Plaintiff provide examples of the alleged "further retaliation" he experienced; this vagueness likewise supports dismissal. *See Ortiz v. Montefiore Hosp.*, No. 18-cv-04857 (AMD), 2018 WL 11511866, at *2 & n.5 (E.D.N.Y. Sept. 7, 2018) (dismissing Title VII claim where, among other failings, "plaintiff claim[ed] that she also

suffered from retaliation, [but] she d[id] not describe what the defendants did to retaliate against her" (alteration adopted) (quotation marks and citation omitted)). Finally, as discussed above, Plaintiff also alleges that he was fired, *see* Compl. at 5, but he alleges no facts that permit the Court to assess whether that firing was retaliatory.

Therefore, Plaintiff fails to state a claim for retaliation under Title VII and Section 1981, and those claims are dismissed.

**III. Hostile Work Environment Under Title VII and Section 1981**

Plaintiff next asserts a claim for hostile work environment under Title VII and Section 1981. *Id.* Both statutes require a "show[ing] that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Littlejohn*, 795 F.3d at 320-21 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)); *see Agnant v. CSC Holdings*, No. 17-cv-03349 (RRM) (SIL), 2020 WL 2615907, at *10 (E.D.N.Y. May 20, 2020) ("Courts generally apply the same standard for § 1981 hostile work environment claims and Title VII hostile work environment claims.").[2] Plaintiff's sparse allegations — that he was excluded from certain workplace events and opportunities and, later, the subject of certain "false & defamatory statements," Compl. at 5 — do not make the required showing. Indeed, even accepting that someone at Plaintiff's workplace defamed him (though Plaintiff does not identify

[2] The box on the complaint form that Plaintiff checked off states that Defendant "harassed [him] or created a hostile work environment." Compl. at 5. To the extent Plaintiff may be raising two separate claims, the Court analyzes them together, because a workplace harassment claim requires the same showing as a hostile work environment claim. *See Redd v. N.Y. State Div. of Parole*, 678 F.3d 166, 175 (2d Cir. 2012) (explaining that workplace harassment "must be sufficiently severe or pervasive — both subjectively and objectively — to alter the conditions of the victim's employment and create an abusive working environment" (alteration adopted) (citations omitted)); *accord Aponte v. Clinton Street Pizza Inc.*, No. 22-cv-03188 (KMW), 2023 WL 1795189, at *4 (S.D.N.Y. Feb. 7, 2023).

the person or people who did so), there are no factual allegations here permitting the Court to infer that such a defamation was based on Plaintiff's race, sex, or any other protected characteristic, which is fatal to his claim. *See Byas v. Yonkers Pub. Schs.*, No. 23-cv-08437 (KMK), 2025 WL 963977, at *8 (S.D.N.Y. Mar. 31, 2025) (dismissing hostile work environment claim where plaintiff's allegation of "exclusion from training and other opportunities and resources," even accompanied by allegations of "sexual harassment[] and racial slurs by students," "fail[ed] to establish the kind of severity and pervasiveness" that hostile work environment claims require (citation omitted)); *Dean v. Westchester Cnty. Dist. Att'y's Off.*, 119 F. Supp. 2d 424, 429 (S.D.N.Y. 2000) (dismissing hostile work environment claim where plaintiff "ha[d] not cited any examples of the discriminatory insults and has not described any circumstances surrounding the alleged discriminatory conduct that would support a prima facie case of hostile work environment"); *Saunders v. Queensborough Cmty. Coll.*, No. 13-cv-05617 (PKC) (RML), 2015 WL 5655719, at *6 (E.D.N.Y. Sept. 24, 2015) (dismissing hostile work environment claim premised on allegations that plaintiff's supervisor and coworkers made "unprofessional snide remarks," "constantly put [p]laintiff on the spotlight" and made plaintiff "the target of ongoing harassment," because such allegations lacked "information about what the allegedly harassing and unprofessional comments and conduct consisted of" (alteration adopted) (citations omitted)).

Therefore, Plaintiff fails to state a claim for hostile work environment under Title VII and Section 1981, and those claims are dismissed.

## IV. Remaining Claims Under NYSHRL and NYCHRL

Based on the same facts as his federal claims, Plaintiff also asserts discrimination and retaliation claims against Defendant under the NYSHRL and NYCHRL. *See* Compl. at 4-5. The Court has jurisdiction over these remaining state law claims, if at all, through supplemental

jurisdiction. *See* 28 U.S.C. § 1367(a) (granting district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). But the Court need not exercise supplemental jurisdiction in all instances. *See id.* § 1367(c)(3) (permitting district courts to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction"). Indeed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) (quoting *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003)). The Court finds this to be one such "usual case," and therefore declines to exercise supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims. *See, e.g.*, *Lee v. Yang*, No. 21-cv-07934 (LGS), 2023 WL 419193, at *5 (S.D.N.Y. Jan. 26, 2023) (declining to exercise supplemental jurisdiction over NYSHRL and NYCHRL claims after dismissing Title VII claim).

**V. Leave to Amend**

Finally, Plaintiff has asked for leave to amend the Complaint should the Court grant Defendant's motion to dismiss. *See* Opp. at 5-6. Defendant acknowledges that the Court may grant this request in its discretion, but asks the Court not to do so, because Plaintiff has failed to specify how amendment would cure the Complaint's deficiencies. *See* Reply at 3-4. The Court will grant leave.

"[D]istrict courts generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend." *J.S. v. T'Kach*, 714 F.3d 99, 103 (2d Cir. 2013); *see also Grullon v.*

*City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) (advising that *pro se* plaintiffs should be permitted to amend pleadings "at least once"); *accord Wynder v. Goltzer*, No. 24-cv-07925 (GHW), 2025 WL 2207248, at *7 (S.D.N.Y. Aug. 3, 2025). While it is true that Plaintiff has not provided much insight into how he will amend the Complaint, he did state in the Complaint that he "ha[s] documentation, meeting notes, and emails that substantiate [his] claims." Compl. at 5. And the deficiencies in the Complaint, discussed above, are of the kind that can be addressed by amendment. *See Owens v. Malik*, No. 22-cv-06487 (VB), 2024 WL 4792046, at *5 (S.D.N.Y. Nov. 14, 2024) (granting leave to amend in similar context). Moreover, the instant opinion "provide[s] [Plaintiff] with notice of the deficiencies" in the Complaint, and granting leave to amend affords him an opportunity "to correct those deficiencies." *Murray v. New York*, No. 24-cv-08015 (GHW), 2025 WL 370886, at *6 (S.D.N.Y. Feb. 2, 2025) (quoting *Thomas v. Carter*, 581 F. Supp. 3d 651, 656 (S.D.N.Y. 2022)). Accordingly, Plaintiff may amend the Complaint to address the deficiencies described in this opinion.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and the Complaint is dismissed without prejudice. If Plaintiff wishes to file an amended complaint, he must do so by **August 31, 2026**; otherwise, the case will be closed without further notice.

Dated: August 10, 2026
New York, New York

SO ORDERED.

*Jennifer Rochon*

JENNIFER L. ROCHON
United States District Judge